WM. TIBB'S ADMR. *v.* JAS. S. PAUL'S ADMR., &c.

Partnership—Purchase of Property—Use and Occupation.

A. and B. made a purchase of a parcel of land, one day before a partnership was formed, and the purchase price went in as part of their subscription to the paprtnership. No deed of transfer was made to the firm. The partnership company exercised control over and erected a mill on the property. The original purchasers made one or two attempts to sell the property as individuals. Held, that in a contest over the sale of the property at a loss, it should be borne by the firm, and not by the individuals.

APPEAL FROM HENDERSON CIRCUIT COURT.

December 8, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

The report of the master commissioner, which was the basis of the final judgment in this case for settling the partnership

of Paul Dunning & Co. seems not to have been excepted to, and moreover to have been right in its details and results, if the previous order of reference was correct; and the principal question as to that order is whether the court properly adjudged that the lot purchased of Priest was bought and held by the firm as partnership property, so that the loss resulting from that purchase and the subsequent sale of the lot, should be borne by all the partners or only by Paul and Dunning who alone made the contract with Priest. It appears this purchase was made the day before the partnership agreement was executed, Paul paying part of the price, as so much of his contribution of capital stock and he and Dunning giving their note for the residue and taking Priest's bond for a conveyance to the firm of Paul-Dunning & Co. and it also appears that Paul afterwards paid the note to Priest, and in some conversations afterwards expressed to exclude Tibbs from that transaction, but the firm used the lot for erecting their machinery upon it for carrying on their partnership business, and acquiesced in the appropriation of Paul's capital stock in making the first payment to Priest for the lot as a firm account; and in May 1861 the firm mortgaged the lot to McClelland to secure a partner-ship debt, and it is admitted that the intention of Paul and Dunning in buying the lot was to obtain a site for erecting their shingle manufacturing establishment for the use of the firm; and though Paul at one time attempted to exchange the lot with Priest for other property, that arrangement was not carried out; and we are of the opinion the court rightly held that the lot belonged to the firm and so ordered it to be sold and its proceeds divided as the other firm assets, and allowed Paul credit by the sum paid by him in discharge of the note to Priest. The residue of the order of reference seems also to have been right.

Wherefore, no available error in the judgment appearing the same is affirmed.

*Turner, for appellant.*
*Yeaman, for appellee.*